## STATE OF OKLAHOMA *v.* STATE OF TEXAS. UNITED STATES, INTERVENER.

IN EQUITY.

No. 23, Original.

ORDERS AND INTERLOCUTORY DECREE ENTERED
JUNE 1, 1921.

*Directing the Receiver to sink an oil and gas well on land claimed by Pearson et al., with provisions as to expenses, operation, and disposition of proceeds.*

Upon application of A. E. Pearson, R. R. Bell, Susie Shaw, Georgia Darby, Mrs. John Mounts, Henry G. Beard, and the Silver Moon Oil Company, claimants of certain tracts or parcels of land purchased by Fred Capshaw from the United States of America under patent dated February 17, 1920;

It is ordered that the Receiver be and he is hereby authorized and directed to sink a well for oil and gas upon the land described in said patent at such place as the Receiver shall select, provided said applicants shall pay in advance from time to time as required the cost and expense of sinking the same and bringing it into production. The said well shall be operated by the Receiver as he operates wells on other lands in the river-bed area, and he shall conserve and dispose of the proceeds of the oil and gas as in the case of wells on other lands in the river-bed area, and shall reimburse the said Pearson, et al., out of the net proceeds for the moneys so advanced and paid by them for drilling the well and bringing it into production; the remainder of such proceeds to be retained by him subject to the order of the court.

*Directing the Receiver to sink an oil and gas well on land claimed by Eoff, with provisions as to expenses, operation, and disposition of proceeds.*

Upon motion of Luther Eoff, claiming to be owner of an oil and gas lease upon a certain tract of 500 acres of land described in his motion, situate on the flood plain on the south side of Red River, in Range 15 West;

It is ordered that the Receiver be and he is hereby authorized and directed to sink a well for oil and gas upon the land described in said motion at such place as the Receiver shall select, provided said applicant shall pay in advance from time to time as required the cost and expense of sinking the same and bringing it into production. The said well shall be operated by the Receiver as he operates wells on lands in the river-bed area, and he shall conserve and dispose of the proceeds of the oil and gas as in the case of wells on lands in the river-bed area, and shall reimburse the said Eoff out of the net proceeds for the moneys so advanced and paid by him for drilling the well and bringing it into production; the remainder of such proceeds to be retained by the Receiver subject to the order of the court.

*Appointing a Special Master to hear and report upon claims of Armstrong, et al., to certain moneys held by the Receiver.*

Upon motion of J. R. Armstrong, et al., and upon the assent of the Receiver, it appearing that the Receiver has in his hands a fund of approximately Fifty thousand dollars, being part of the proceeds derived by him from the production of Receiver's Wells Nos. 157, 162, and 170, operated by him for said Armstrong and for one C. J. Benson, under whom he claims by assignment;

It is ordered that Frederick S. Tyler, Esq., be and he is hereby appointed a special master to hear and report to this court for determination the claim of said J. R. Arm-

strong to have said fund turned over to him as purchaser of said wells; and said master shall hear and report on said claim and on all other claims that may be presented against said fund.

Said master shall have authority to issue process of subpœna to compel the attendance of witnesses, and it shall be his duty to give notice to all parties concerned, to fix the time and place of hearing, and adjourn the same from time to time if necessary; and he shall report all the evidence taken, together with his findings of fact, conclusions of law, and recommendation in the premises, for the ultimate consideration and action of this court.

If for any reason the said Frederick S. Tyler, Esq., shall be unable to act as such special master, or to complete his duties as such, a special master to act in his place shall be named by the Chief Justice or the senior Associate Justice of this Court.

*Limiting development work, and directing the Receiver to collect, withhold and impound part of gross proceeds of gas, advertise for, examine and settle claims, and make report of those unsettled.*

Upon considering the Fifth Report of the Receiver, filed herein May 26, 1921, it is ordered:

(1) That until further order all development work by the Receiver (except as prescribed in certain other orders made this day) shall be confined to the completion of the wells in the river-bed area, about twelve in number, work upon which already has been begun.

(2) That the Receiver be and he is hereby authorized and directed to collect, withhold, and impound three-sixteenths of the gross proceeds of gas produced by wells within the receivership area from and after June 1, 1921.

(3) That the Receiver be and he is hereby authorized to publish a notice in four daily newspapers, two circulating in Texas and two circulating in Oklahoma, to be

selected by him, requesting all persons having claims against the Receiver or against the property or funds in his custody to present the same to the Receiver within 60 days from the date of publication of such notice, accompanying their statements of claim with supporting affidavits and certified or sworn copies of any documentary evidence upon which they may rely; and the Receiver is directed to examine and investigate said claims and supporting evidence, and he is hereby authorized to settle and discharge the same if he can do so upon a fair and equitable basis; and as to any not so adjusted and settled he shall make a full report to this court at its next Term for such further action as the court may deem proper.

*Setting down cause for hearing on special issues raised between the United States and private parties claiming riparian land on the north bank of Red River, and placer mining locations, and between Oklahoma and the United States concerning school sections; and on the claims of all other interveners claiming lands on north bank or placer mining locations; and appointing a commissioner to take and report evidence.*

It appearing that special issues have been joined in this cause (1) upon the intervening petition of E. Everitt Rowell, claimant of riparian land on the north bank of Red River, and the answer thereto of the United States embodied in Paragraph II of its amended petition of intervention; (2) upon the intervening petition of A. E. Pearson, R. R. Bell, Susie Shaw, Georgia Darby, Mrs. John Mounts, Henry G. Beard, and the Silver Moon Oil Company, claimants of riparian lands on north bank of Red River, and the answer thereto of the United States embodied in Paragraph II of its amended petition of intervention; (3) upon the amended petition of intervention of the Burk Divide Oil Company (Consolidated) and others, placer mining claimants, and the answer of the

United States thereto embodied in Paragraph III of its amended petition of intervention; (4) upon the petition of intervention of the Mellish Consolidated Placer Oil Mining Association, a placer mining claimant, and the answer thereto of the United States embodied in Paragraph III of its amended petition of intervention; (5) and as between the State of Oklahoma and the United States as to the school sections abutting on Red River owned by said State, in respect to which it claims by riparian right the entire bed of Red River to the south bank, as said claim is set up in the original bill of said State and answered by the United States in Paragraph II, sub-paragraph 10, of its amended petition of intervention:

It is ordered that this cause be and it is hereby set down for hearing as to said special issues, and as to the claims of any and all other interveners herein who may claim riparian lands on the north bank of Red River or placer mining locations under the mining laws of the United States, on the seventeenth day of October, A. D., nineteen hundred and twenty-one.

Frederick S. Tyler, Esq., of Washington, D. C., is hereby appointed as commissioner to take the evidence of the said respective parties with respect to said issues and claims, and report the same to the court, but without findings or conclusions. Said evidence shall be taken and closed on or before July thirtieth, 1921. The evidence as to all said issues and claims shall be embodied in one record, but the evidence as to each issue or claim shall be set forth separately so far as practicable. Subject to the time fixed for closing said evidence, the time and place for commencing and proceeding with the taking of testimony, and the order in which the different matters shall be taken up, may be fixed by agreement of the parties, or in case of disagreement shall be fixed by the commissioner.

If for any reason the said Frederick S. Tyler shall be unable to act as such commissioner, or to complete his

duties as such, a commissioner to act in his place shall be named by the Chief Justice or the senior Associate Justice of this Court.

*Order on the District Judge for the Northern District of Texas to show cause why he should not be prohibited from entertaining an action against the Receiver.*

It appearing from the Fifth Report made by Frederic A. Delano, the Receiver heretofore appointed by this court in the above stated cause, that an action recently was commenced against him in the United States District Court for the Northern District of Texas by the Casa Oil Company to recover damages for the alleged conversion of certain personal property claimed by said Casa Oil Company and alleged to have been seized and appropriated by said Receiver; and that a citation has been issued by said court commanding said Receiver to appear in said cause and make answer to the petition therein at the next regular term of said court, to be held on the twenty-first day of November, A. D. 1921;

It is ordered that the Honorable James C. Wilson, Judge of the said United States District Court for the Northern District of Texas, do show cause before this court, at the Capitol in Washington, in the District of Columbia, on the seventeenth day of October, A. D. 1921, why a writ of prohibition should not be issued commanding him to desist from further entertaining jurisdiction of said cause.

*Authorizing the Receiver to make certain payments reimbursing operators and drillers of wells.*

It is ordered that Frederic A. Delano, Receiver, be and he is hereby authorized, in his discretion, out of thirteen-sixteenths of the net proceeds of any well or wells in the river-bed area (other than the well known as the Burk Senator) paid to him since April first 1920, to reimburse to those operators or drillers who had drilled and brought

into production such well or wells, their actual cost of such
work, including a reasonable allowance for field super-
vision, but excluding any allowance for general or office
supervision, and after deducting a proper allowance for
the yield derived by them from such well or wells prior to
the taking possession of the same by the Receiver.

*Interlocutory Decree declaring the boundary in question
to be along the south bank of Red River; setting down cause
for hearing as to its more definite location; directing as to
use of evidence taken and the taking of further evidence, and
appointing a commissioner.*

This court having on the seventh day of June, 1920, set
this cause down for hearing upon specified questions of
law, the hearing having been had, and the court having
considered of the matter, and having announced its opinion
and conclusion on April 11, 1921 [*ante*, p. 70]:

It is ordered, adjudged and decreed that according to
the Treaty of 1819 between the United States and Spain,
as heretofore examined and construed by this court in
the case of *United States* v. *Texas,* 162 U. S. 1, the decree
in which is conclusive upon the parties to this cause, the
true boundary between the State of Oklahoma and the
State of Texas where it follows the course of the Red
River from the 100th degree of west longitude to the
eastern boundary of the State of Oklahoma is along the
south bank of Red River. And as it still needs to be
determined between the State of Oklahoma, Complainant,
and the United States of America, Intervener, on the one
hand, and the State of Texas, on the other hand, as to
what constitutes the south bank of Red River, as to where
along that bank the true boundary line is, and as to the
proper mode of locating the same upon the ground;

It is, on motion of the State of Oklahoma, concurred in
by the State of Texas and the United States of America,
ordered that this cause be set down for hearing upon

those questions on the ninth day of January, A. D., 1922.

And it is ordered that upon said hearing the parties shall be at liberty to refer to and use the evidence heretofore taken and returned in this cause so far as applicable to said question, without the necessity of re-publication or reprinting; and they shall proceed to take such further evidence as they may desire relating, among other things, to the characteristics and regimen of Red River, the physical conditions along the same, any substantial changes that may have occurred since the Treaty by avulsions, relictions, erosions, accretions, or other natural causes, and the practical construction and application of the Treaty of 1819 by the governments and States concerned and their inhabitants.

Frederick S. Tyler, Esq., of Washington, D. C., is hereby appointed as commissioner to take said further evidence and report the same to the court, but without findings or conclusions; and if for any reason said Frederick S. Tyler shall be unable to act as such commissioner, or to complete his duties as such, a commissioner, to act in his place shall be named by the Chief Justice or the senior Associate Justice of this Court.

Subject to the limitations hereinafter imposed, the times and places of taking such testimony, and the order of taking the same, may be fixed by stipulation of the parties, and, if they shall fail to stipulate, shall be fixed by the commissioner. The taking of testimony shall commence not later than the fifteenth day of August, 1921, and shall be concluded on or before the twenty-ninth day of October following. Unless the parties otherwise stipulate, the evidence in chief on the part of the United States shall be presented first, that on the part of the State of Oklahoma next, and that on the part of the State of Texas next; and the rebuttal evidence of the respective parties shall be presented in the same order.

The hearing on the counterclaim of the State of Texas, and the taking of testimony thereon, is reserved for further order.

*Forbidding filing of petitions in intervention without special leave.*

It is ordered that no petition in intervention may hereafter be filed herein under the order of June 7, 1920, except upon special leave given by the court.    [253 U. S. 470.]