## STATE OF OKLAHOMA v. STATE OF TEXAS.

## UNITED STATES, INTERVENER.

IN EQUITY.

No. 15, Original.   Orders entered May 5, 1924.

1. Order to show cause why prosecution of an action brought against the receiver in this case should not be enjoined.
2. Order fixing time for filing suggestions, contentions, and arguments, (1), respecting the distribution and incidence of receivership expenses, including those incurred, and losses sustained, from unremunerative wells; and, (2), respecting authority for receiver to reimburse operators and drillers of wells in certain cases.

PER CURIAM.

It appearing from the twelfth report made by the receiver in this cause that an action recently was commenced against him in the District Court of Wichita County, Texas, by J. H. Duhon and H. J. Kebideaux to recover from him certain moneys for the drilling of a river-bed well, now known as No. 168 and also as Delta Well, which had been drilled prior to the receivership; and it being asserted that such action was commenced in disregard of the exclusive jurisdiction of this Court over the said receivership and the said receiver:

It is ordered that the said J. H. Duhon and H. J. Kebideaux show cause in this Court on Monday the 26th day of May, 1924, why they should not be enjoined from prosecuting or maintaining the said action in the District Court of Wichita County, Texas, unless in the meantime they shall have dismissed that action and filed in this Court due proof of such dismissal.

PER CURIAM.

After considering the twelfth report of the receiver herein and the earlier reports referred to therein, it is

ordered that all parties in interest be accorded until and including the 23d day of May, 1924, to prepare and file with the clerk in printed form such suggestions, contentions and supporting arguments as they severally may desire to present respecting the following subjects:

1. The extent to which and the manner in which the expenses of conducting and administering the receivership shall be spread over the several impounded funds in the receiver's custody and over the several areas and tracts from which such funds were derived, and also the proportions in which such expenses shall be deducted from the payments ultimately to be made to the several claimants who may be entitled to receive those funds from the receiver.

2. The mode of distributing or disposing of expenses incurred and losses sustained in respect of wells which have proved unremunerative.

3. Whether the order of June 1, 1921, [which] authorizes the receiver to make certain payments reimbursing operators and drillers of river-bed wells (256 U. S. 607) shall be changed and enlarged so as to include and cover river-bed wells which subsequently proved to be unremunerative in instances where the same operator had drilled or was in process of drilling other river-bed wells which have proved productive and have yielded funds from which such reimbursement may be made,—reference being particularly had to wells numbered 149, 150, 151, 155, 161 and 163, described on pages nine and ten of the Receiver's Tenth Report.

4. Whether the order of June 1, 1921, just mentioned, shall be further changed and enlarged so as to include and cover river-bed well No. 139, otherwise known as the Burk-Senator Well.