**UNITED STATES v. BOWER et al.**
**Civ. No. 1199.**

United States District Court
E. D. Tennessee, N. D.
Jan. 8, 1951.

20

Otto T. Ault, U. S. Dist. Atty., Chattanooga, Tenn., for the United States.

Joe C. Thomason, Wm. P. O'Neil, Jennings, O'Neil & Jarvis, and H. F. Atkins, all of Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

At a pre-trial proceeding had on June 13, 1950, the Government's attorney produced a transcript of the original record in Criminal Action No. 14,672, wherein the defendant Benjamin A. Bower had pleaded guilty of the offenses charged in a two-count indictment under the False Claims Act, 18 U.S.C., § 80 [1948 Revised Criminal Code, 18 U.S.C.A. §§ 287, 1001], respecting a false claim under the Contract Settlement Act, 41 U.S.C.A. § 101 et seq, particularly sections 117 and 119. The Government contended that the plea of guilty by the defendant Bower in the criminal prosecution is res judicata as to the same violations alleged in this action to recover the civil penalties provided in the Contract Settlement Act and that there should be a directed verdict as to the violations. Defendant Bower contended that he was not guilty as to all of the specifications of falsity contained in the indictment and that the Government is not entitled to the directed verdict under the theory of res judicata. It was agreed by the parties that further proceedings would be held in abeyance until the Court had ruled on the question of res judicata.

In this Court the question is novel, and no case has been cited or found that is directly in point. The Court believes the Government's position is sound, although it calls for an application of the res judicata principle that is somewhat surprising. Ordinarily res judicata means that a point has been judicially settled and put to rest. In such condition it becomes a defense to the party for or against whom the matter was decided and may not be used to his further harassment on account of the transaction

out of which it arose. It has not had the general character of a two-edged sword, cutting in both directions, in offense as in defense. Yet there is reason for insisting that, if a point is settled, it should be settled for all related purposes and that it should operate as an estoppel as well as a defense. A plea of guilty, pursuant to which a fine has been imposed and paid, is a matter of judgment record and imports that absolute and incontrovertible verity which ought to preclude the person against whom it is later produced from then denying it.

■ Since no principle of law stands alone, as an isolated thing, it is necessary to inquire whether this view of res judicata is in conflict with some greater principle. None suggests itself except that of former jeopardy, where res judicata is a defense against a second punishment or prosecution for the same offense. The leading case on the point is Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. In that case there had been an acquittal in the prior criminal prosecution, and the acquittal relied on as a defense, was held to be res judicata as to the subsequent civil action where the relief sought was in the nature of a criminal penalty. See, as reasserting the same principle, Sealfon v. United States, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180, and cases there cited. A variation of the rule of the Coffey case is found in decisions where the relief sought in the subsequent civil suit was remedial in character and the defense of res judicata was rejected. United States v. National Ass'n of Real Estate Boards, 339 U.S. 485, 70 S.Ct. 711; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

■ A statement of the res judicata principle is thus stated in United States v. Glidden Co., 6 Cir., 119 F.2d 235, 244: "The rule prevails that where the former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the thing to be recovered and the parties are the same in both proceedings. However, the above rule is modified to the extent that where, although the cause of action is not the same and some fact or question has been determined and adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, the determination in the former suit of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suits, regardless of the identity of the cause of action or the lack of it in the two suits." And on the same page the Court further said: "It is well settled that the judgment rendered upon sustaining a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer as a verdict finding the same facts would have been and accordingly that where a demurrer goes to the merits, a judgment sustaining it is a bar to a subsequent suit on the same cause of action." In Frank v. Mangum, 237 U.S. 309, 333, 35 S.Ct. 582, 590, 59 L.Ed. 969, the court said: " * * * a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. * * * The principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction."

It is to be noted that in these cases that support the rule of res judicata, the principle has been pleaded as a defense. A result very close to application of the rule in reverse is reached in those cases where the criminal record is admitted in evidence in a subsequent civil action. Austin v. United States, 7 Cir., 125 F.2d 816, and cases cited. Its use against the person formerly convicted is put on the ground of estoppel. The difference in terminology between res judicata and estoppel, suggests a difference in method, or direction, rather than in substance.

■ This Court is called upon to go one step further than admission of the criminal record in evidence; it is called upon to direct a verdict on the strength of that record, that is, to apply the rule of estoppel by judgment with the full force and significance of the record. The alternative is to require the Government to prove all over again that of which the defendant stands convicted out of his own mouth. The Court

does not decide whether conviction by a jury would necessitate a different conclusion from that which the Court has reached here, for this defendant was convicted by himself. He can hardly be heard now to say that he was unjustly convicted or that he was merely trifling with the course of justice when he pleaded guilty. If it were treating the proceeding as one on motion for summary judgment, the Court, in view of the transcript which it holds to be admissible, would unhesitatingly rule that the Government is entitled to judgment. The Court perceives no reason for reaching a different result when the same end is sought in different language and procedure.

The Court, accordingly, holds that the criminal record in this case is res judicata of all the issues settled by it and operates as a complete estoppel, authorizing a directed verdict against the defendant Bower. Examination of the transcript shows that the plea of guilty extended to and included all of the following, which will be the content and extent of the directed verdict:

"The defendant, Benjamin A. Bower, violated sec. 119 of Title 41, United States Code, [Annotated] in that he on February 1, 1946, knowingly and wilfully caused to be made for payment and approval, by a person and officer in the civil and military service of the United States and a department thereof, namely, the United States War Department, in a matter within the jurisdiction of said department, a claim upon and against the Government of the United States and said department thereof, namely, a claim for and in behalf of Central Tarpaulin Company, for and in respect of the termination by the Government of the United States of certain contracts theretofore made and entered into between said Central Tarpaulin Company and the United States of America for the manufacture of certain canvas products, and which claim upon its face purported as to said Central Tarpaulin Company's charges to include only those charges allocable to the terminated contracts aforesaid, knowing said claim to be false, fictitious and fraudulent, in that said claim included the following specifications of falsity:

"(1) A claim for $200, representing an excess of $50 per month in rent charge for a period of four months;

"(2) A claim for $700, representing rent for two months at $350 per month, not within the period of the contracts;

"(3) A claim for $3,500 for a custom-built elevator, not chargeable to the Government under the terms of the contracts;

"(4) A claim for $1,850.11 for one-half the cost of an elevator shaft, not chargeable to the Government under the terms of the contracts; and

"(5) A claim for $3,043.50 for one-half the cost of improvements to defendant's leasehold, not chargeable to the Government under the contracts, the total of the five specifications of falsity as here set out being $9,293.61."

In its Complaint in this civil action the Government has demanded judgment against the defendant also for the following items:

(1) Twenty-five per centum of the amount wrongfully sought by defendant but not received by him pursuant to said false claim;

(2) Two thousand dollars for each false, fraudulent or fictitious act committed by defendant in violation of the law applicable to the matters in litigation;

(3) Double the amount of any damage which the United States has sustained by reason of such acts and violations; and

(4) An amount equal to any benefit, payment, compensation, allowance, loan, advance, and emolument received by defendant as a result of such acts and violations.

The four items of recovery last enumerated point to a possible limitation on the verdict as it will finally be directed. The parties have made no stipulation as to which of the enumerated items of recovery are remedial and which are punitive in character. Nor have they been heard on that or the question of whether the principle of res judicata, or judicial estoppel, upon which the directed verdict will be based, should extend only to that part of the relief sought that is remedial in character

or should include every category of relief demanded. These questions should be reserved for decision after hearing.

An order will be prepared in conformity with the foregoing opinion.