**UNITED STATES of America**

v.

**Benjamin KOLSKY, John Gallo.**

**Civ. A. No. 18287.**

United States District Court
E. D. Pennsylvania.

Oct. 5, 1955.

Joseph E. Gold, Philadelphia, Pa., for Kolsky.

John Gallo, pro. per.

WELSH, District Judge.

The United States of America brought this civil action against the defendants, Benjamin Kolsky and John Gallo, pursuant to the provisions of Section 26(c) of the Surplus Property Act of 1944. 58 Stat. 780 (1944), 50 U.S.C.A.Appendix, § 1635(c), repealed June 30, 1949, and re-enacted as 63 Stat. 392 (1949), 40 U.S.C.A. § 489(c), to recover damages provided in Section 26(b) (1) of that Act for wartime fraud allegedly perpetrated by said defendants in the purchase of surplus property from the War Assets Administration. Defendant, Kolsky, has moved for summary judgment on the ground that the action is barred by reason of the expiration of the applicable five year statute of limitations. 28 U.S.C. § 2462.[1] The record discloses that the acts and practices complained of occurred during 1946 and that the action was commenced on December 30, 1954—clearly after the five year statute of limitations had expired, it is contended.

I. In opposition, the government's first contention is that the action is not for the recovery of a fine or penalty but for damages sustained and, therefore, the five year statute of limitations to which reference has been made is inapplicable. The contention, we think, is invalid. The language of the Section (Section 26(b) (1)) of the Surplus Property Act under which damages are sought in this action and which is set forth below,[2] so clearly shows that a pen-

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

1. "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued * * *."

2. "(b) Every person who shall use or engage in, or cause to be used or engaged in, or enter into an agreement, combina-

tion, or conspiracy to use or engage in or to cause to be used or engaged in, any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or other benefits from the United States or any Federal agency in connection with the procurement, transfer, or disposition of property under this chapter, chapter 11B of Title 5, chapter 4 of Title 41, and chapter 11 of Title 44—

alty was intended that a discussion thereon is deemed unnecessary.[3]

II. Next the government contends, and correctly we think, that the action is not barred for the reason that the War Suspension of Limitations Act, 18 U.S.C. § 3287,[4] kept it alive until December 31, 1954.

The defendant, Kolsky, concedes that if the War Suspension of Limitations Act, supra, is applicable to this action said action was timely brought for said Act gave the government eight years after the termination of hostilities within which it could bring an action for alleged wartime fraud such as here. The termination of hostilities of World War II was proclaimed by the President on December 31, 1946, by Presidential Proclamation Number 2714 (see Section 601 of the Appendix to Title 50 U.S.C.A.). Thus, the government had until December 31, 1954, to bring this action; it was brought on December 30, 1954, and is therefore timely.

Defendant, Kolsky, argues, however, that the Act does not apply to the instant civil action since it applies to criminal actions only.

██ It is agreed that the prior wartime suspension acts applied only to criminal action. 42 Stat. 220; 56 Stat. 747. However, we think, the inclusion of civil actions was intended by the present Act. In the prior statutes Congress had used appropriate language to show that it had intended to make said statutes applicable to criminal offenses only. For example, it used the words, "now indictable". If it wished the applicability of the present Act to be limited again to criminal offenses only it could have used similar words. Congress did not, however, and it is our opinion that by failing to do so it thereby intended the Act to apply to civil offenses as well as criminal offenses.

We think it is of no benefit to the defendant, Kolsky, that the present Suspension of Limitations Act uses the word "offense"; for, said word is not synonymous with the word "crime". If it had been the intent of Congress to make said Act applicable to criminal actions only, instead of using the word "offense" it could have used such words as "crime", "criminal offense", etc.

III. In view of the foregoing opinion the motion of Benjamin Kolsky for summary judgment will be denied.

An appropriate order will be prepared and submitted.

Identical orders will be prepared and submitted in the companion actions of United States of America v. Benjamin Kolsky and Rudolph Sandler, Civil Ac-

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the cost of suit; * * *."

3. The language of Section 26(b) (2) under which damages are sought in the companion actions of United States of America v. Benjamin Kolsky and Jack Scolnick, Civil Action 18290 and United States of America v. Benjamin Kolsky and Raymond Bachrach, Civil Action 18293 (where motions for summary judgment have been filed by said Benjamin Kolsky), is likewise clear in that a penalty is intended thereby. The pertinent language is as follows:

"shall, if the United States shall so elect, pay to the United States, as liquidated damages, a sum equal to twice the consideration agreed to be given by the United States or any Federal agency to such person or by such person to the United States or any Federal agency, as the case may be; * * *."

4. "When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with * * any disposition of termination inventory by any war contractor or Government agency, shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress. * *"

tion 18289 [5], United States of America v. Benjamin Kolsky and Jack Scolnick, Civil Action 18290, and United States of America v. Benjamin Kolsky and Raymond Bachrach, Civil Action 18293, in each of which the defendant, Kolsky, has filed a motion for summary judgment similar to the one filed herein.

5. One of the alleged fraudulent acts in the Kolsky and Sandler action occurred on January 3, 1947, that is, after the termination of hostilities. It would seem therefore that as to that act the War Suspension of Limitations Act is inapplicable. However, we think the Act does apply because said fraudulent act is merely part of an alleged fraudulent scheme, other acts of which allegedly occurred during 1946, that is, prior to the termination of hostilities, and during World War II.