**UNITED STATES of America**

v.

**Joseph J. SALVATORE and John J. Salvatore.**

**Civ. A. No. 19326.**

United States District Court
E. D. Pennsylvania.
April 4, 1956.

W. Wilson White, Arthur R. Littleton, Philadelphia, Pa., for plaintiff.

Bernard R. Cohn, Philadelphia, Pa., for defendants.

LORD, District Judge.

The plaintiff has filed this motion for summary judgment as to part of its claim. The suit is based upon the provisions of the False Claims Statute, 31 U.S.C.A. §§ 231–233. The complaint alleges that the defendants presented the Isthmian Steamship Company, acting as agent for the War Shipping Administration, a lawful agency of the United States of America, fourteen specific false, fictitious or fraudulent invoices for lumber furnished by the defendants, claiming that the quantity of the board feet filled was overstated in each instance. It asks for summary judgment for part of its claim under Rule 56, 28 U.S.C.A., in the amount of $2,000 for each transaction, as well as an additional $2,000 under and by virtue of a conspiracy undertaken by the defendants and as provided by the Statute. The defendants have denied liability, asserting in their defense that the invoices were not false or fraudulent and that the running of the Statute of Limitations prevents a recovery.

In support of its motion, plaintiff argues there is no question of fact to be determined and the defense is without merit. It has attached to the motion a certified copy of the criminal record in indictment No. 13855 covering fifteen counts for violation of Title 18, U.S.C.A. §§ 80 and 88,* under which indictment both defendants were found guilty on all counts in this District of "fraud against the U. S. Government by making and causing to be made false vouchers and conspiracy to defraud the U. S. Government." The counts in the indictment enumerate *the identical and separate transactions detailed in the present complaint* giving the same specific invoice dates, amounts, board feet delivered and destination. Plaintiff contends that the matter is now res judicata and the defendants are conclusively estopped in the present civil suit from again asserting the same defense as was advanced in the former criminal action. The court is of the opinion this contention should be upheld.

The general doctrine of res judicata or conclusive estoppel by judgment has been stated in State of Oklahoma v. State of Texas, 1921, 256 U.S. 70, at page 85, 41 S.Ct. 420, at page 422, 65 L.Ed. 831:

"The general principle, applied in numerous decisions of this court,

---

* Now 18 U.S.C.A. §§ 287, 371, 1001.

and definitely accepted in Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 49, 18 S.Ct. 18, 42 L.Ed. 355, is, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties *sui juris* is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action. * * * "

This principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction. Sealfon v. United States, 1948, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180.

■ A prior judgment of conviction in a criminal case for the identical acts set forth in a subsequent civil action conclusively establishes the issues adjudged in the criminal case against the defendants who were found guilty. Local 167, International Brotherhood of Teamsters v. United States, 1934, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804. In that case the Government brought an injunction suit against the defendants for violation of the Sherman Anti-Trust Act. Some of the defendants had previously been indicted for conspiracy to restrain and monopolize interstate commerce and upon trial were found guilty. The civil enforcement suit followed. The convicted defendants denied the conspiracy and the court held such a defense was no longer available to those defendants, saying, 291 U.S. at page 298, 54 S.Ct. at page 399:

"The judgment in the criminal case conclusively established in favor of the United States and against those who were found guilty that within the period covered by the indictment the latter were parties to the conspiracy charged. The complaint in this suit includes the allegations on which that prosecution was based. *The defendants in this suit who had been there convicted could not require proof of what had been duly adjudged between the parties.* And, to the extent that the answers attempted to deny participation of convicted defendants in the conspiracy of which they had been found guilty, they are false and sham and the District Court rightly so treated them. [State of] Oklahoma v. [State of] Texas, 265 U.S. 76, 44 S.Ct. 457, 68 L.Ed. 908. Cf. Coffey v. United States, 116 U.S. 436, 442, 6 S.Ct. 437, 29 L.Ed. 684. Stone v. United States, 167 U.S. 178, 184, 17 S.Ct. 778, 42 L.Ed. 127." (Emphasis supplied.)

This case has been reaffirmed recently in Emich Motors Corp. v. General Motors Corp., 1951, 340 U.S. 558, 568, 71 S.Ct. 408, 95 L.Ed. 534.

■ In United States v. Bower, D.C. E.D.Tenn.1951, 95 F.Supp. 19, the facts were very similar to the instant case. Upon the conclusion of a pretrial hearing, the court ruled that the criminal record was res judicata on all issues settled by it, operated as a complete estoppel, and accordingly, directed a verdict in favor of the Government. The court said, 95 F.Supp. at page 22:

" * * * If it were treating the proceeding as one on motion for summary judgment, the Court, in view of the transcript which it holds to be admissible, would unhesitatingly rule that the Government is entitled to judgment. The Court perceives no reason for reaching a different result when the same end is sought in different language and procedure."

■ The defendants further claim the Statute of Limitations bars the present action. The suit was based upon transactions occurring between August 28, 1944 and October 6, 1944. It was filed July 25, 1955. Suits under the False Claims Statute must be brought within six years from the commission of the act. 31 U.S.C.A. § 235. However, under

the provisions of the War-Time Suspension of Limitations Act, 18 U.S.C.A. § 3287, the commencement of the running of the six-year period was extended until January 1, 1950. Accordingly, the Statute does not expire in this case until December 31, 1956.

There is no doubt the War-Time Suspension of Limitations Act applies in this case as is shown by the cases decided in this District recently. See United States v. Murphy-Cook & Co., Inc., D.C.E.D.Pa.1954, 123 F.Supp. 806; United States v. Kolsky, D.C., 137 F. Supp. 359; United States v. Covollo, D.C., 136 F.Supp. 107, and cases cited therein.

From the foregoing, it would appear that there are no issues of fact to be determined on the matters submitted by the plaintiff's motion for summary judgment and it should be Granted.

An appropriate order may be entered.