**UNITED STATES of America**

v.

**Dr. Louis P. ZULLI.**

**Civ. A. No. C.A. 74–306.**

United States District Court,
E. D. Pennsylvania.

Oct. 2, 1975.

Victor L. Schwartz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

David R. Scott, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

As a result of defendant having been found guilty by a jury in a criminal proceeding of ten (10) counts of Medicare fraud [1] in violation of 42 U.S.C. § 408(b) and (c) [2], and the said judgment entered on the guilty verdict having been affirmed [3], the Government now brings an action to collect damages from the defendant. This action for damages is brought pursuant to factual allegations identical to the factual allegations of the ten (10) counts of which defendant was found guilty in the prior criminal proceeding and is based upon a violation of 31 U.S.C. § 231, commonly known as the False Claims Act, which makes one accountable in money damages for any knowing and false claim upon the United States.

---

**1.** See, *United States v. Dr. Louis P. Zulli,* D.S.C., Cr. 73–543 (E.D.Pa., Judgment and Order of Probation filed Apr. 8, 1974).

**2.** This statute makes it a misdemeanor for anyone to knowingly and willfully make a false statement of material fact in order to obtain payment from the United States.

**3.** See, *United States v. Zulli,* 500 F.2d 1401 (3rd Cir., Filed Sept. 4, 1974).

This Court has jurisdiction pursuant to 31 U.S.C. § 232(A)[4].

Presently pending before the Court is defendant's motion for default judgment in his favor on his counterclaim, plaintiff's motion to dismiss defendant's counterclaim, plaintiff's motion for summary judgment on his action and defendant's answer thereto. We deal with those motions pertaining to the counterclaim first and then the motion for summary judgment and answer thereto. Defendant's motion is denied and both of plaintiff's motions are granted for the reasons hereinafter stated.

■ Defendant's motion for a default judgment in his favor on his counterclaim is based on his argument that the Government's response to his counterclaim was filed beyond the 60 day requirement of F.R.Civ.P. 12(a). However, F.R.Civ.P. 55(e) states that "[n]o judgment by default shall be entered against the United States . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Failure of the Government to respond within the 60 day rule does not constitute adequate evidence for entry of a default judgment against it. *Fedor v. Ribicoff*, 211 F.Supp. 520 (E.D.Pa.1962); 6 Moore ¶ 55.12 (1974 ed.). Accordingly, we deny defendant's motion for a default judgment.

■ In regard to the merits of the counterclaim, it is significant to note that defendant does not allege that he has obtained a final decision from the Secretary of Health, Education and Welfare (HEW) made after a hearing on the claims set out in the counterclaim. We must, therefore, conclude that defendant has failed to exhaust his administrative remedies. Congress has stated that where the Secretary of HEW has determined that a person supplying services has knowingly and willfully made, or caused to be made, any false statement or representation of a material fact in order to obtain payment from the United States, judicial review must await final decision of the Secretary made after a hearing. 42 U.S.C. §§ 405(b), (g), 1395y(d)(1), (d)(3)[5].

However, defendant argues, relying on *Comprehensive Group Health Services Board of Directors v. Temple University of the Commonwealth System of Higher Education*, 363 F.Supp. 1069 (E.D.Pa.1973), that exhaustion of administrative remedies is not required if it would be futile and contends in regard to his counterclaim it would be futile. It is clear that *Comprehensive Group Health Services Board of Directors* is distinguishable from defendant's action in that the basis for not requiring exhaustion there was the fact that exhaustion of administrative remedies was not a clear prerequisite to judicial review. As the Court stated there, ". . . it is well settled that exhaustion of administrative remedies is required only when the administrative remedy is clearly designed as a mandatory precursor to judicial review." *Id.*, at 1097. Moreover, on the particular facts of that case a finding that exhaustion of administrative remedies would be an exercise in futility was warranted. Here, there is no doubt that exhaustion of administrative remedies is a clear prerequisite to judicial review. See 42 U.S.C. §§ 405(b), (g), 1395y(d)(1), (d)(3). Moreover, no facts appear to justify a finding that exhaustion

---

4. This provision states that the district court within whose jurisdictional limits the person committing an act proscribed by 31 U.S.C. § 231 shall be "found" or "wheresoever such act may have been done or committed, [shall] have full power and jurisdiction to hear, try, and determine such suit." Plaintiff avers in its complaint that defendant presently resides in Springfield, Pennsylvania within the jurisdiction of this Court and at all times pertinent to the action before this Court has practiced medicine in the State of Pennsylvania. Defendant does not deny these allegations.

5. 42 U.S.C. § 405(g), the judicial review section, provides in relevant part that:

Any individual, *after final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . . (emphasis added)

would be futile. Accordingly, we grant plaintiff's motion to dismiss defendant's counterclaim.

Plaintiff also seeks summary judgment pursuant to F.R.Civ.P. 56(a) as to its action under the provisions of 31 U.S.C. § 231, the False Claims Act, which makes one accountable in money damages for any knowing and false claim upon the United States. The Act also entitles the Government to collect $2,000.00 for each fraudulent claim it establishes, without having to prove damages. In addition, the Government may claim twice the amount of actual damages but waives its right to do so in this action.

■ It is clear that all of the elements of the crimes charged against defendant in the prior criminal proceeding are identical to the acts necessary for liability under 31 U.S.C. § 231. In the criminal proceeding, the jury conclusively found defendant guilty of knowingly *and* willfully making false material statements in order to obtain payment from the United States.[6] This satisfies the requirements in the present civil action that "any person . . . who shall make or cause to be made, . . . for payment or approval, . . . any claim upon or against the Government of the United States . . . knowing such claim to be false, fictitious or fraudulent . . . shall forfeit and pay to the United States the sum of $2,000.00 . . . ." 31 U.S.C. § 231. Thus, we have before us a classic case for application of the doctrine of collateral estoppel. The general doctrine of collateral estoppel has been stated in *State of Oklahoma v. State of Texas*, 256 U.S. 70, 85, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1921):

> The general principle, applied in numerous decisions of this court . . . is, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties *sui juris* is conclusively settled by the final judgment or decree therein so that it cannot

be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action.

There can be no doubt that collateral estoppel applies to the civil action before us. As stated in *United States v. Salvatore*, 140 F.Supp. 470 (E.D.Pa.1956), which similarly dealt with an action brought under the False Claims Act: "A prior judgment of conviction in a criminal case for the identical acts set forth in a subsequent civil action conclusively establishes the issues adjudged in the criminal case against the defendants who were found guilty". *Id.*, at 472, *citing Local 167 of International Brotherhood of Teamsters v. United States*, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934). See, *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951); *Sealfon v. United States*, 332 U.S. 575, 578, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948); *United States v. Frank*, 494 F.2d 145, 161 (2nd Cir. 1974). All of the issues in this case being conclusively established by the conviction in the criminal case, plaintiff is entitled to judgment in his favor as a matter of law.

---

**6.** A review of the trial judge's charge in the Criminal Action discloses that the jury was instructed as to the elements of the crimes charged. See N.T. 480.