**UNITED STATES of America, Plaintiff,**

**v.**

**Irwin JACOBSON, Defendant.**

**No. 78 Civil 823.**

United States District Court,
S. D. New York.

March 21, 1979.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for plaintiff; Marjorie A. Silver, Sp. Asst. U. S. Atty., New York City, of counsel.

Solomon Abrahams, White Plains, N. Y., for defendant.

EDWARD WEINFELD, District Judge.

The plaintiff's motion for partial summary judgment is granted. On July 5, 1977, judgment was entered against defendant Irwin Jacobson on a jury verdict of guilty of eighteen counts of violating 18 U.S.C. § 287 by submitting false medicaid claims to the Department of Health, Education and Welfare ("H.E.W."), and of eighteen counts of violating 18 U.S.C. § 1001 by

making false statements in documents submitted in connection with a matter within the jurisdiction of H.E.W. The same eighteen invoices which formed the basis of the criminal charges are the subject of the first count of the instant complaint, which alleges a cause of action under the False Claims Act, 31 U.S.C. § 231. The within motion for partial summary judgment on the first count as to these invoices is made in reliance on the collateral estoppel effect of the prior criminal judgment.

It is well established that "a prior criminal conviction may work an estoppel in favor of the government in a subsequent civil proceeding," *Emich Motors v. General Motors,* 340 U.S. 558, 568, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951); *accord, United States v. Podell,* 572 F.2d 31, 35 (2d Cir. 1978), and that the doctrine of collateral estoppel is applicable to False Claims Act suits, *United States v. Kates,* 419 F.Supp. 846, 850–51 (E.D.Pa.1976); *United States v. Zulli,* 418 F.Supp. 252 (E.D.Pa.1975); *United States v. Greenberg,* 237 F.Supp. 439 (S.D.N.Y.1965).

Defendant concedes these points but argues that the False Claims Act itself is inapplicable to this case because the actual demand for payment was made on the New York City Department of Social Services. The law is clear, however, that the requisite "claim upon or against" the government under the statute includes demand for payment presented to local government agencies which are in turn partially refunded by the United States. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 544–45, 63 S.Ct. 379, 87 L.Ed. 443 (1943); *United States v. Kates,* 419 F.Supp. 846, 849 (E.D.Pa.1976); *United States ex rel. Davis v. Long's Drugs,* 411 F.Supp. 1144, 1146–49 (S.D.Cal.1976) (medicaid). And there is no doubt that H.E.W. reimburses the state for medicaid claims at the rate of fifty cents on the dollar. 42 U.S.C. §§ 1396b, 1396d. Because all questions relevant to civil liability here were "distinctly put in issue and directly determined" in the criminal prosecution, the grant of summary judgment is warranted. *Frank v. Mangum,* 237 U.S. 309, 334, 35 S.Ct. 582, 590, 59 L.Ed. 969 (1915).

The plaintiff has waived its right to double damages under the Act and seeks only the statutory forfeiture of $2000 per claim. In light of the mandatory language of the Act and the method of computing the number of imposable forfeitures enunciated by the Supreme Court in *United States v. Bornstein,* 423 U.S. 303, 309 & n.4, 96 S.Ct. 523, 46 L.Ed.2d 514 (1976), plaintiff is entitled to recovery of $2000 for each of the eighteen false invoices, for a total of $36,000.

Judgment may be entered accordingly.