**UNITED STATES of America**

v.

**Irwin HALPER, Defendant.**

**No. 86 Civ. 2955 (RWS).**

United States District Court,
S.D. New York.

July 27, 1987.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the U.S.; Amy Rothstein, Asst. U.S. Atty., of counsel.

Irwin Halper, pro se.

## OPINION

SWEET, District Judge.

By opinion dated April 23, 1987, this court granted summary judgment in favor of the United States (the "Government") and against defendant *pro se* Irwin Halper ("Halper") on sixty-five claims of Medicare fraud under the False Claims Act, 31 U.S.C. §§ 3729–3731. Although the Government asked for a sum of $130,000, or a $2,000 "civil penalty" for each of the sixty-five false claims, as provided by 31 U.S.C. § 3729, this court imposed a penalty of $16,000. The Government now moves for an order granting reargument pursuant to Local Civil Rule 3(j) and amendment of the judgment pursuant to Fed.R.Civ.P. 59(e) to grant it the full amount sought in the complaint. The motion for reargument is hereby granted, and the judgment will be amended in accordance with this opinion.

In the April 23 opinion, this court, noting that the Government had not briefed the issue, concluded that the imposition of a civil penalty of $2,000 for each claim is not mandatory under § 3729. The Government now has cited to compelling authority that, in the absence of Government consent, the $2,000 penalty for each false claim is mandatory. *See United States v. Diamond,* 657 F.Supp. 1204 (S.D. N.Y., 1987) (Walker, J.); *United States v. Jacobson,* 467 F.Supp. 507, 508 (S.D.N.Y. 1979) (Weinfeld, J.); *United States v. Hughes,* 585 F.2d 284, 286 (7th Cir.1978); *Brown v. United States,* 524 F.2d 693, 705–06 (Ct.Cl.1975); *cf. United States v. McLeod,* 721 F.2d 282, 285 (9th Cir.1983); *United States v. Dinerstein,* 362 F.2d 852, 855–56 (2d Cir.1966); *United States v. Rapoport,* 514 F.Supp. 519, 523 (S.D.N.Y. 1981) (Goettel, J.); *United States v. Silver,* 384 F.Supp. 617, 620 (E.D.N.Y.1974), *aff'd without opinion,* 515 F.2d 505 (2d Cir. 1975). *But see Peterson v. Weinberger,* 508 F.2d 45 (5th Cir.), *cert. denied,* 423 U.S.

830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975). The Government effectively distinguishes the case cited by the court, *United States v. Greenberg*, 237 F.Supp. 439 (S.D.N.Y.1965) (Feinberg, J.), on the grounds that the Government took the position in *Greenberg* that the "number of forfeitures is within the discretion of the court." *Id.* at 445. Thus, this court concludes that it was in error and that the imposition of $2,000 for each of the sixty-five false claims is mandatory.

Nevertheless, a $130,000 sanction cannot be imposed, since such imposition in the present circumstances would violate the Double Jeopardy Clause.

■ The Fifth Amendment guarantee against double jeopardy protects against 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The protection against multiple punishments is implicated here, since Halper has already been convicted of criminal charges and sentenced to two years and a $5,000 penalty for these same acts. As the Supreme Court said in *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 168, 173, 21 L.Ed. 872 (1874):

> If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense. ... [T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it.

Of course, the application of a penalty that is more than the "precise amount of so-called actual damage" is not necessarily punishment. *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 550, 63 S.Ct. 379, 387, 87 L.Ed. 443 (1943). In *Hess*, the Supreme Court distinguished between "civil, remedial actions brought primarily to protect the government from financial loss and actions intended to authorize criminal punishment to vindicate public justice." *Id.* at 548–49, 63 S.Ct. at 386. Only those actions intend-

ed to vindicate public justice are to subject the defendant to double jeopardy. The court concluded that the provision under the predecessor statute to the False Claims Act allowing for double damages and a $2,000 penalty was remedial in nature. The Court noted that federal and state statutes have allowed treble and even quadruple damages, and that Congress could stay within the common law tradition and impose punitive damages. *Id.* at 550, 63 S.Ct. at 387. Most importantly, the Court concluded that "the chief purpose of the statutes here was to provide for restitution to the government of money taken from it by fraud, and that the device of double damages plus a specific sum was chosen to make sure that the government would be made completely whole." *Id.* at 551–52, 63 S.Ct. at 387–88.

The Court obviously gave great deference to Congress' intent in enacting the statute, focusing on the remedial purpose of the statute in concluding that it was not punitive. This court, of course, is bound by the Supreme Court's conclusion that the statute was meant to be remedial. Nevertheless, the *Hess* Court did not stop with an analysis of Congress' intent; instead, it inquired, in the words of Justice Frankfurter's concurrence, into whether the penalty was punitive because it exceeded any amount "that could reasonably be regarded as the equivalent of compensation for the Government's loss." *Id.* at 554, 63 S.Ct. at 389 (Frankfurter, J., concurring). The opinion of the Court examined the effect of the penalty, and stated:

> We cannot say that the remedy now before us requiring payment of a lump sum and double damages will do more than afford the government complete indemnity for the injuries done it.

*Hess*, 317 U.S. at 549, 63 S.Ct. at 386 (*citing Helvering v. Mitchell*, 303 U.S. 391, 401, 58 S.Ct. 630, 634, 82 L.Ed. 917 (1938)). The penalty imposed in *Hess* was approximately equal to the actual loss sustained by the government.

In the present case, we *can* say, in the words of *Hess*, "that the remedy now before us ... will do more than afford the government complete indemnity for the in-

juries done it." The government cites no cases involving sums that even begin to approach the tremendous disparity between actual damage and the "civil penalty" in this case. *See Berdick v. United States,* 222 Ct.Cl. 94, 612 F.2d 533, 538 (Ct.Cl.1979) (penalty of $72,000 where actual loss approximated $1,546); *Murray & Sorenson, Inc. v. United States,* 207 F.2d 119, 122–23 (1st Cir.1953) (penalty unreported). Concededly, most of the cases have not examined the amount of the penalty in terms of its relationship to actual loss. *But see Peterson v. Richardson,* 370 F.Supp. 1259, 1267 (N.D.Texas 1973), *aff'd sub nom. Peterson v. Weinberger,* 508 F.2d 45 (5th Cir.), *cert. denied,* 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975).

Nevertheless, a penalty of $130,000 for an out-of-pocket loss by the Government of $585, not including the expense of investigating and prosecuting this defendant, is "punishment." As stated in the April 24 opinion, "a civil penalty designed to make the government whole cannot be entirely unrelated to actual damages suffered and expenses incurred by the government." A penalty 220 times the actual and easily measurable loss bears no rational relation to the Government's loss. Thus, the $130,000 penalty sought in this case amounts to a criminal penalty for violations for which Halper has already been punished.

Judgment in this amount would violate the Double Jeopardy Clause. The statute, therefore, is unconstitutional as applied to Halper, and the sought-after relief of $130,000 must be denied. The provision for double damages, however, remedying the difficulty of calculating the Government's losses and expenses, passes Double Jeopardy scrutiny, and will be applied to give the Government judgment in the amount of two times $585, or $1,170, and the costs of the civil action.

The judgment will be amended in accordance with this opinion.

IT IS SO ORDERED.