Jimmy Paul SCOTT, Petitioner,

v.

Otis R. BOWEN, M.D., Secretary, United
States Department of Health and
Human Services, Respondent.

No. 87–7281.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1988.

Decided April 27, 1988.

Clifford I. Gould, San Francisco, Cal., for petitioner.

John C. Hoyle, Dept. of Justice, Washington, D.C., for respondent.

Before SNEED, HUG and
KOZINSKI, Circuit Judges.

PER CURIAM:

We review the Department of Health and Human Services (HHS) award of civil penalties and assessments against petitioner pursuant to the Civil Monetary Penalties Law (CMPL), 42 U.S.C. § 1302a–7a (1981).

## Facts

Petitioner is a licensed psychologist practicing in California. Between August 21, 1981, and June 28, 1982, petitioner submitted 46 claims for Medi–Cal reimbursement asserting that he provided psychotherapy services to various patients on 73 occasions. Upon investigation, the Inspector General (IG) of HHS determined that petitioner in fact never provided these services and proposed civil monetary penalties and assessments of $84,000 against petitioner. Petitioner requested a hearing before an Administrative Law Judge (ALJ) and the ALJ, after considering the facts and evidence, upheld the IG's charges as to 71 of the claimed services. The ALJ awarded total penalties and assessments in the amount of $80,500.

## Discussion

Petitioner's principal legal claim is that administrative proceedings for penalties and assessments brought under the CMPL are quasi-criminal in nature and therefore HHS must establish all elements of liability beyond a reasonable doubt. Two other circuits have considered this exact issue and both have ruled that CMPL proceedings are civil, not quasi-criminal. *Chapman v. United States*, 821 F.2d 523 (10th Cir.1987); *Mayers v. Department of Health and Human Services*, 806 F.2d 995 (11th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 82, 98 L.Ed.2d 44 (1987). One district court has reached a contrary conclusion. *United States v. Halper*, 664 F.Supp. 852 (S.D.N.Y.1987), *appeal docketed*, 56 U.S.L.W. 3592 (U.S. March 1, 1988). We disagree with the district court in *Halper* and adopt the reasoning of the Tenth and Eleventh Circuits in *Chapman* and *Mayers*. The ALJ applied the correct standard of proof in determining petitioner's liability.

Petitioner raises a volley of other claims, charging unreasonable delay in bringing suit, denial of procedural due process, denial of the right to confront and cross-examine witnesses, and use of unconstitutionally vague standards for determining the amount of penalty. We have considered petitioner's claims and reject each as without merit.

AFFIRMED.