**UNITED STATES of America, Plaintiff,**

v.

**FLEETWOOD ENTERPRISES, INC., Defendant.**

**Civ. A. No. 88–68–JLL.**

United States District Court, D. Delaware.

June 29, 1988.

William C. Carpenter, Jr., U.S. Atty., and Kent A. Jordan, Asst. U.S. Atty., Wilmington, Del., and John R. Bolton, Asst. Atty. Gen., Surrell Brady and Richard C. Stearns, Attys., Civ. Div., Dept. of Justice, Peter S. Race and Peter B. Rustin, Dept. of Housing and Urban Development, Washington, D.C., of counsel, for plaintiff.

Richard K. Herrmann of Bayard, Handelman & Murdoch, Wilmington, Del., Lawrence F. Henneberger, Salvatore A. Romano, and Randall J. Boe of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., and Richard Chernick and Steven E. Sletten of Gibson, Dunn & Crutcher, Los Angeles, Cal., and William H. Lear, Vice President–General Counsel, Fleetwood Enterprises, Inc., Riverside, Cal., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

The United States filed this action to recover civil penalties from Fleetwood Enterprises, Inc. ("Fleetwood"), for alleged violations of the National Manufactured Housing Construction and Safety Standards Act of 1974 ("the Act"), 42 U.S.C. § 5401 *et seq.* The United States charged

in its complaint that Fleetwood designed and constructed approximately 20,000 mobile homes in violation of federal standards. (Docket Item ["D.I."] 1.)

On April 29, 1988, this Court entered a Memorandum Opinion (D.I. 28) and an Order (D.I. 29) denying Fleetwood's motion for transfer of this action to the United States District Court for the Central District of California. Presently before the Court are three motions: (1) plaintiff's motion to strike several of defendant's affirmative defenses or, in the alternative, for partial judgment on the pleadings (D.I. 14); (2) plaintiff's motion to compel discovery and for discovery sanctions and costs (D.I. 22); and (3) defendant's motion for a protective order (D.I. 33).

For the reasons set out below, the Court will: (1) deny in part and grant in part plaintiff's motion to strike and for partial judgment on the pleadings; (2) grant plaintiff's motion to compel; (3) issue a protective order in the form proposed by plaintiff, and (4) reserve decision on the issue of discovery sanctions and costs.

### A. *Motion to Strike*

The Manufactured Housing Act established construction and safety standards for manufactured homes. 42 U.S.C. § 5401. The Act's stated purpose is to improve the quality and durability of manufactured homes and reduce injuries and property damage resulting from manufactured home accidents. *Id.* Violations of the Act are punishable by either the Act's civil penalty, § 611(a), or by its criminal penalty, § 611(b). 42 U.S.C. § 5410(a) & (b).[1] The Act's civil penalty provision authorizes fines of up to $1,000 per violation. *Id.* at § 5410(a).

The Government alleges in this action, *inter alia,* that over 10,000 homes designed and built by defendant have one or more shearwalls which are incapable of sustaining the design loads established by the Act. (D.I. 1 at 4–5.) The Government also charges that defendant designed and constructed over 8,000 homes with uplift straps and fasteners of insufficient strength to meet the Act's requirements. (*Id.* at 7.) The plaintiff seeks a penalty against the defendant of $1,000 per violation under § 611(a) of the Act. (*Id.* at 9.)

In its answer to the complaint, the defendant asserted that § 611(a) of the Act violates the Fifth, Sixth and Eighth Amendments to the U.S. Constitution. (D.I. 6 at 5–7.) These constitutional challenges are set forth in defendant's answer as affirmative defenses four through seven. (*Id.*) Plaintiff seeks to strike these defenses, or in the alternative, receive judgment on the pleadings as to these defenses. (D.I. 14.)

Motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure are generally not favored by the courts, and will not be granted unless the insufficiency of the pleading at issue is clearly apparent. *Louisiana Sulphur Carriers v. Gulf Resources and Chemical Corp.,* 53 F.R.D. 458, 460 (D.Del.1971). In considering a motion under Rule 12(c) for judgment on the pleadings, a court must view the pleadings in the light most favorable to the non-moving party and will grant judgment only if the moving party is clearly entitled to judgment. *Commerce National Bank in Lake Worth v. Baron,* 336 F.Supp. 1125, 1126 (E.D.Pa.1971); *see also Huntt v. Government of Virgin Islands,* 339 F.2d 309 (3d Cir.1964).

---

1. Section 611 states in full:

   **§ 5410. Civil and criminal penalties**

   (a) Whoever violates any provision of section 5409 of this title, or any regulation or final order issued thereunder, shall be liable to the United States for a civil penalty of not to exceed $1,000 for each such violation. Each violation of a provision of section 5409 of this title, or any regulation or order issued thereunder shall constitute, a separate violation with respect to each manufactured home or with respect to each failure or refusal to allow or perform an act required thereby, except that the maximum civil penalty may not exceed $1,000,000 for any related series of violations occurring within one year from the date of the first violation.

   (b) An individual or a director, officer, or agent of a corporation who knowingly and willfully violates section 5409 of this title in a manner which threatens the health or safety of any purchaser shall be fined not more than $1,000 or imprisoned not more than one year, or both.

Defendant's fourth and fifth affirmative defenses, which charge that § 611(a) of the Act is overbroad and vague in violation of the Fifth Amendment's Due Process Clause, are easily resolved. Plaintiff argues that § 611(a) is not overbroad on its face because it does not infringe any constitutionally protected conduct, as required under *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1981). (D.I. 21 at 5.) Plaintiff contends that § 611(a) is not impermissibly vague because its language was sufficiently precise to put the defendant on notice that violations of § 610(a) could render the defendant liable for civil penalties. (*Id.* at 5–12.) Plaintiff also argues that § 611(a) is neither overbroad nor vague as it applies to defendant. (*Id.* at 13–14.) Because defendant has failed to respond in either its answering brief or at oral argument to plaintiff's contentions, the Court concludes that defendant has waived its right to assert its fourth and fifth affirmative defenses. Accordingly, the Court will grant plaintiff's motion to strike defendant's fourth and fifth affirmative defenses.

The defendant's sixth affirmative defense charges that § 611(a), both on its face and as applied to defendant, is unconstitutional because it violates the Excessive Fines Clause of the Eighth Amendment. (D.I. 6 at 6.) The defendant asserts that the potential fine in this case could be as high as $19,428,000, if the Court applies the maximum penalty of $1,000 per violation to each of the 19,428 violations alleged by the Government. (D.I. 26 at 5.) Defendant argues that such a large fine would be sufficiently similar to a criminal penalty to fall under the Excessive Fines Clause of the Eighth Amendment. (*Id.* at 6–14.) Fleetwood points to a footnote in the Supreme Court's opinion in *Ingraham v. Wright,* which stated: "Some punishments, though not labeled 'criminal' by the State, may be sufficiently analogous to criminal punishments in the circumstances in which they are administered to justify application of the Eighth Amendment." 430 U.S. 651, 669 n. 37, 97 S.Ct. 1401, 1411 n. 37, 51 Ed.2d 711 (1977). Defendant points out that in *Aetna Life Insurance Co. v. Lavoie* the Supreme Court stated that the issue of whether a $3,500,000 punitive damages award is impermissible under the Excessive Fines Clause was one of several important issues that the Court did not reach in the case. 475 U.S. 813, 828–29, 106 S.Ct. 1580, 1589, 89 L.Ed.2d 823 (1986).

This Court notes that the fine provided for in § 611(a) of $1,000 per violation is a maximum, leaving the Court with discretion to fine the defendant in an amount less than $1,000 per violation. Even if the Court were to assume that the civil penalty in § 611 falls under the Excessive Fines Clause of the Eighth Amendment, § 611(a) cannot be unconstitutional on its face because it in no way mandates an excessive fine.

As to whether § 611(a) is unconstitutional as applied to defendant, the Court finds that this issue is not yet ripe for judgment. Whether § 611(a) is unconstitutional as applied to defendant ultimately depends upon the size of the fine the Court levies on the defendant, if the defendant in fact is found to have violated the Act. Because the Court has discretion in determining the appropriate amount of any fine imposed on defendant, the Court at this time cannot say that defendant's constitutional rights have been or will be infringed.

Accordingly, the Court will grant to the plaintiff a partial judgment on the pleadings as to defendant's sixth affirmative defense insofar as it alleges that § 611(a) is unconstitutional on its face. The Court will deny plaintiff's motion to strike or, alternatively, for judgment on the pleadings, as to defendant's sixth affirmative defense claiming that § 611(a) is unconstitutional as applied to defendant.

Defendant's seventh affirmative defense contends that § 611(a) of the Act and related provisions [2] are unconstitutional on their

2. Defendant argues that because § 604 and §§ 614–616 of the Act are enforced through the imposition of the fines provided for in § 611(a), the constitutional infirmities of § 611(a) extend to those related provisions of the Act.

face and as applied because they permit the imposition of large punitive awards without affording defendant the protections provided defendants in criminal cases under the Fifth, Sixth and Eighth Amendments to the Constitution. (D.I. 6 at 6–7.) Defendant argues that § 611(a), though labeled as a civil penalty, is essentially penal in nature. (D.I. 26 at 16–23.) Defendant contends that the potential $19,000,000 fine that defendant may incur is vastly disproportionate to any actual out-of-pocket loss incurred by the Government as a result of the alleged violations. According to Fleetwood, this case resembles *United States v. Halper*, 664 F.Supp. 852 (S.D.N.Y.1987), where a civil fine was found to constitute a criminal penalty because it lacked a "rational relation" to the Government's "out-of-pocket loss." 664 F.Supp. at 855. Consequently, the court in *Halper* concluded that the defendant was entitled to protection under the Double Jeopardy Clause of the Fifth Amendment.

■ Under § 611, the Congress has clearly provided for both a civil penalty (§ 611(a)), and a criminal penalty (§ 611(b)). However, the Supreme Court has indicated that such a designation may not be dispositive of the issue. In *Trop v. Dulles*, 356 U.S. 86, 94–95, 78 S.Ct. 590, 594–95, 2 L.Ed. 2d 630 (1958), a plurality of the Supreme Court ruled that a legislative classification of a statute as non-penal will not preclude a court from finding that the statute is fundamentally penal. *See Giaccio v. Pennsylvania*, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed. 2d 447 (1966); *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). In determining whether a statute is civil or criminal in nature, the Supreme Court has enunciated a two-prong inquiry. *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 2641, 65 L.Ed. 2d 742 (1980). The first issue is whether Congress has indicated, either expressly or implicitly, a preference for one label or the other. *Id.* at 248, 100 S.Ct. at 2641. Second, when Congress in fact has demonstrated an intention to create a civil penalty, a court must determine whether the statutory scheme is so punitive either in purpose or effect as to negate Congress'

intention. *Id.* at 248–49, 100 S.Ct. at 2641. Regarding the second inquiry, the Supreme Court has ruled that "only the clearest proof could suffice to establish the unconstitutionality of a statute on such a ground." *Id.* at 249, 100 S.Ct. at 2641 (quoting *Flemming v. Nestor*, 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1435 (1960)).

In the present case, this Court finds that Congress has plainly manifested its intent to establish § 611(a) as a civil penalty by labeling the provision as such. In determining whether § 611(a) is punitive in purpose, this Court considers the various factors examined by the Supreme Court in *Ward* and *Kennedy v. Mendoza–Martinez*, 372 U.S. at 168–69, 83 S.Ct. at 567–68. Unlike many penal provisions, § 611(a) does not require a showing of scienter. However, in examining § 611(a) in light of the stated purpose of the Act, it appears the civil penalty is designed at least in part to be a deterrent, a traditional function of penal provisions. 42 U.S.C. §§ 5401, 5410(a). The Court rejects defendant's primary argument, that § 611(a) is essentially punitive on its face because of the vast disproportion between the potential fine of $19,000,000 and the actual loss suffered by the Government. (D.I. 26 at 19.) As noted above, nothing in § 611(a) requires the imposition of disproportionately large fines. On the whole, the Court concludes that on its face there is not sufficient evidence of the punitive nature of § 611(a) to contradict Congress' designation of the provision as a civil penalty. Accordingly, the Court will grant plaintiff partial judgment on defendant's seventh affirmative defense, which contends that § 611(a) is on its face criminal in nature and therefore violates defendant's rights under the Fifth, Sixth and Eighth Amendments.

■ However, because the potential fine in this case is so large, the Court cannot say on a motion to strike or for judgment on the pleadings that § 611(a) as applied to defendant is clearly not sufficiently punitive to trigger the protections afforded to defendants in criminal cases under the Fifth, Sixth and Eighth Amendments. Ac-

cordingly, the Court will not grant plaintiff's motion to strike or for judgment on the pleadings as to that part of defendant's seventh affirmative defense that asserts that § 611(a) as applied to defendant violates its rights under the Fifth, Sixth and Eighth Amendments.

### B. *Plaintiff's Motion to Compel*

Plaintiff has filed a motion to compel discovery and for discovery sanctions against defendant. (D.I. 22.) While some of defendant's responses to plaintiff's discovery requests have apparently been delayed by the parties' failure to agree on a protective order covering trade secrets, plaintiff charges that defendant has either failed to respond or given incomplete responses to plaintiff's other discovery requests. Defendant has raised a number of objections, among them that certain interrogatories are too burdensome, that they cover trade secrets, that plaintiff already has the information sought, or that the interrogatory in question is vague. (D.I. 34 at 20–33.) The Court finds that plaintiff's discovery requests are sufficiently clear and address issues relevant to this litigation. The Court therefore will grant plaintiff's motion to compel to the extent requested by plaintiff, but subject to the protective order discussed below. The Court notes that since the briefing on this motion was submitted, the parties apparently have reached an accommodation on some of the discovery requests at issue. In particular, at oral argument plaintiff represented that defendant had agreed to produce relevant documents from the Najran Arbitration, a proceeding where defendant was a party and which involved issues purportedly related to those here.

### C. *Protective Order*

 Defendant has moved for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, contending that plaintiff has requested production of confidential and trade secret information. (D.I. 33.) The Court finds that the nature of the discovery information sought by plaintiff warrants entry of a protective order. Both parties have submitted separate proposed protective orders to the Court. (D.I. 33 at Ex. A; D.I. 27 at Ex. A.) The Court finds defendant's proposed protective order to be overly restrictive. The Court will accept plaintiff's proposed protective order.

Plaintiff has also moved the Court for discovery sanctions against Fleetwood under Rule 37(b)(2)(A)–(C) of the Federal Rules of Civil Procedure. (D.I. 22.) In addition, plaintiff seeks under Rule 37(a)(4) to recover its expenses in bringing its motion to compel. (*Id.*) The Court will reserve decision on plaintiff's motion for sanctions and costs pending its evaluation of the parties' compliance with this Memorandum Opinion and the Order entered on this date.